UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| BARBARA A. HENSLEY, | ) | |
|     Plaintiff, | ) | |
| | ) | |
|     v. | ) | CAUSE NO.: 2:16-CV-320-JEM |
| | ) | |
| NANCY A. BERRYHILL, | ) | |
| Acting Commissioner of the | ) | |
| Social Security Administration, | ) | |
|     Defendant. | ) | |

**OPINION AND ORDER**

This matter is before the Court on a Complaint [DE 1], filed by Plaintiff Barbara A. Henley on July 8, 2016, and Plaintiff's Opening Brief in a Social Security Matter [DE 13], filed by Plaintiff on November 21, 2016. Plaintiff requests that the decision of the Administrative Law Judge be reversed and remanded for further proceedings. On February 24, 2017, the Commissioner filed a response, and on March 14, 2017, Plaintiff filed a reply. For the following reasons, the Court grants Plaintiff's request for remand.

**I.     Background**

On May 10, 2013, Plaintiff filed an application for benefits alleging that she became disabled on October 1, 2009. Plaintiff's application was denied initially and upon reconsideration. On February 20, 2015, Administrative Law Judge ("ALJ") Christopher Helms held a hearing at which Plaintiff, with an attorney, Plaintiff's husband, and a vocational expert ("VE") testified. On March 9, 2015, the ALJ issued a decision finding that Plaintiff was not disabled.

The ALJ made the following findings under the required five-step analysis:

1.  The claimant last met the insured status of the Social Security Act on December 31, 2011.

2.  The claimant did not engage in substantial gainful activity during the period

from her alleged onset date of October 1, 2009, through her date last insured of December 31, 2011.

3. Through the date last insured, the claimant had severe impairments: "low grade" cervical spondylosis and cervical radiculopathy, degenerative disc disease of the lumbar spine and obesity.

4. Through the date last insured, the claimant did not have an impairment or combination of impairments that met or medically equaled the severity of one the listed impairments in 20 CFR 404, Subpart P, Appendix 1.

5. Through the date last insured, the claimant had the residual functional capacity to lift and carry up to 10 pounds occasionally and nominal weight frequently, stand and/or walk about 2 hours in an 8-hour workday, and sit about 6 hours in an 8-hour workday. The claimant could never climb ladders, ropes, or scaffolds but may occasionally climb ramps and stairs, balance, stoop, kneel, crouch, or crawl. She was limited to occasional overhead reaching bilaterally and was to avoid concentrated exposure to cold/heat, wetness, humidity, and pulmonary irritants. She could perform handling frequently.

6. Through the date last insured, the claimant was unable to perform any of her past relevant work.

7. The claimant was a younger individual age 18-44 on the date last insured.

8. The claimant has at least a high school education and is able to communicate in English.

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not she has transferable job skills.

10. Considering the claimant's age, education, work experience, and residual functional capacity, there were jobs that existed in significant numbers in the national economy that the claimant could perform through the date last insured.

11. The claimant was not under a disability, as defined in the Social Security Act, from the alleged onset date through the date last insured.

On May 6, 2016, the Appeals Council denied Plaintiff's request for review, leaving the

ALJ's decision the final decision of the Commissioner.

The parties filed forms of consent to have this case assigned to a United States Magistrate Judge to conduct all further proceedings and to order the entry of a final judgment in this case. Therefore, this Court has jurisdiction to decide this case pursuant to 28 U.S.C. § 636(c) and 42 U.S.C. § 405(g).

**II.     Standard or Review**

The Social Security Act authorizes judicial review of the final decision of the agency and indicates that the Commissioner's factual findings must be accepted as conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Thus, a court reviewing the findings of an ALJ will reverse only if the findings are not supported by substantial evidence or if the ALJ has applied an erroneous legal standard. *See Briscoe v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005). Substantial evidence consists of "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Schmidt v. Barnhart*, 395 F.3d 737, 744 (7th Cir. 2005) (quoting *Gudgel v. Barnhart*, 345 F.3d 467, 470 (7th Cir. 2003)).

A court reviews the entire administrative record but does not reconsider facts, re-weigh the evidence, resolve conflicts in evidence, decide questions of credibility, or substitute its judgment for that of the ALJ. *See Boiles v. Barnhart*, 395 F.3d 421, 425 (7th Cir. 2005); *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000); *Butera v. Apfel*, 173 F.3d 1049, 1055 (7th Cir. 1999). Thus, the question upon judicial review of an ALJ's finding that a claimant is not disabled within the meaning of the Social Security Act is not whether the claimant is, in fact, disabled, but whether the ALJ "uses the correct legal standards and the decision is supported by substantial evidence." *Roddy v. Astrue,* 705 F.3d 631, 636 (7th Cir. 2013) (citing *O'Connor-Spinner v. Astrue*, 627 F.3d 614, 618

(7th Cir. 2010); *Prochaska v. Barnhart*, 454 F.3d 731, 734-35 (7th Cir. 2006); *Barnett v. Barnhart*, 381 F.3d 664, 668 (7th Cir. 2004)). "[I]f the Commissioner commits an error of law," the Court may reverse the decision "without regard to the volume of evidence in support of the factual findings." *White v. Apfel*, 167 F.3d 369, 373 (7th Cir. 1999) (citing *Binion v. Chater*, 108 F.3d 780, 782 (7th Cir. 1997)).

At a minimum, an ALJ must articulate his or her analysis of the evidence in order to allow the reviewing court to trace the path of her reasoning and to be assured that the ALJ considered the important evidence. *See Scott v. Barnhart*, 297 F.3d 589, 595 (7th Cir. 2002); *Diaz v. Chater*, 55 F.3d 300, 307 (7th Cir. 1995); *Green v. Shalala*, 51 F.3d 96, 101 (7th Cir. 1995). An ALJ must "'build an accurate and logical bridge from the evidence to [the] conclusion' so that, as a reviewing court, we may assess the validity of the agency's final decision and afford [a claimant] meaningful review." *Giles v. Astrue*, 483 F.3d 483, 487 (7th Cir. 2007) (quoting *Scott*, 297 F.3d at 595); *see also O'Connor-Spinner*, 627 F.3d at 618 ("An ALJ need not specifically address every piece of evidence, but must provide a 'logical bridge' between the evidence and his conclusions."); *Zurawski v. Halter*, 245 F.3d 881, 889 (7th Cir. 2001) ("[T]he ALJ's analysis must provide some glimpse into the reasoning behind [the] decision to deny benefits.").

### III. Analysis

Plaintiff argues that the ALJ erred in weighing the evidence and failed to adequately explain how he reached his conclusions, particularly as to how he incorporated her impairments into the RFC and how he weighed the testimony of Plaintiff and her husband. The Commissioner argues that the ALJ's findings are supported by substantial evidence.

Plaintiff argues that the ALJ failed to explain how Plaintiff's limitations are incorporated into the RFC and failed to address evidence that did not support his conclusions. The ALJ found that during the time in which she was insured, Plaintiff was limited to essentially sedentary work because of her impairments. Plaintiff argues that the ALJ did not explain how he arrived at the RFC from the evidence.

The ALJ described the statements of two of Plaintiff's treating physicians. Dr. Leestma had been treating Plaintiff for several years, completed a medical source statement that gave specific functional limitations. The ALJ gave it very little weight on the grounds that it was not supported by objective evidence and was not consistent with the findings of other examining physicians. The ALJ also did not give weight to the opinion of another treating physician, Dr. Okoro, who opined that Plaintiff was incapable of performing even sedentary work by October 2009. The ALJ explained that he did not give this assessment weight because it did not include objective findings, because the physician did not begin treating Plaintiff until several months after the date he opined that she became disabled, and because the ALJ concluded that the limitations were inconsistent with other medical records.

"A treating physician's opinion regarding the nature and severity of a medical condition is entitled to controlling weight if it is well supported by medical findings and not inconsistent with other substantial evidence in the record." *Gudgel*, 345 F.3d at 470 (citing 20 C.F.R. § 404.1527(d)(2)); *see also Schmidt v. Astrue*, 496 F.3d 833, 842 (7th Cir. 2007). If the ALJ declines to give a treating source's opinion controlling weight, he must still determine what weight to give it according to the following factors: the length, nature, and extent of the physician's treatment relationship with the claimant; whether the physician's opinions were sufficiently supported; how

5

consistent the opinion is with the record as a whole; whether the physician specializes in the medical conditions at issue; and other factors, such as the amount of understanding of the disability programs and their evidentiary requirements or the extent to which an acceptable medical source is familiar with other information in the claimant's case. 20 C.F.R. §§ 404.1527(c)(2)(i)-(ii), (c)(3)-(6). Furthermore, "whenever an ALJ does reject a treating source's opinion, a sound explanation must be given for that decision." *Punzio v. Astrue*, 630 F.3d 704, 710 (7th Cir. 2011).

The ALJ discounted the opinions of two treating physicians who specifically opined on the extent of Plaintiff's limitations. He also described the conclusions of the non-examining state agency medical consultants who reviewed the Plaintiff's medical record, but found that Plaintiff was more limited than they concluded. Although medical evidence "may be discounted if it is internally inconsistent or inconsistent with other evidence," *Knight v. Chater*, 55 F.3d 309, 314 (7th Cir. 1995) (citing 20 C.F.R. § 404.1527(c)) (other citations omitted), the ALJ "must provide a 'logical bridge' between the evidence and his conclusions." *O'Connor-Spinner*, 627 F.3d at 618. In this case, the ALJ did not identify any treating or examining source to whom he gave more than "very little weight." He summarized other medical evidence in the record, but did not identify any other medical source statements or give any indication that he gave weight to *any* physician's opinion, let alone that of a treating or examining physician. This failure to identify any medical source opinion entitled to weight leaves the Court unable to trace the path of the ALJ's reasoning from the medical evidence to his conclusion regarding Plaintiff's limitations. It also leaves the Court concerned that the ALJ substituted his own medical determination for that of the actual medical professionals whose opinions appear in the record, in violation of the Seventh Circuit Court of Appeals' repeated warning that ALJs are not to make their own independent medical findings and should not "succumb

6

to the temptation to play doctor" because "lay intuitions about medical phenomena are often wrong." *Schmidt v. Sullivan*, 914 F.2d 117, 118 (7th Cir. 1990) (citing cases); *see also, e.g., Myles v. Astrue*, 582 F.3d 672, 677-78 (7th Cir. 2009) (warning that an ALJ may not "play[] doctor and reach[] his own independent medical conclusion"); *Blakes v. Barnhart*, 331 F.3d 565, 570 (7th Cir. 2003); *Rohan v. Chater*, 98 F.3d 966, 970 (7th Cir. 1996).

Not only did the ALJ not identify any medical sources which he afforded weight, he also failed to explain how he accounted for Plaintiff's impairments in the RFC. The RFC is an assessment of what work-related activities the claimant can perform despite her limitations. *Young v. Barnhart*, 362 F.3d 995, 1000 (7th Cir. 2004); *see also* 20 C.F.R. §§ 404.1545(a)(1); 416.1545(a)(1). In evaluating a claimant's RFC, an ALJ is expected to take into consideration all of the relevant evidence, including both medical and non-medical evidence. *See* 20 C.F.R. §§ 404.1545(a)(3); 416.945(a)(3). Plaintiff argues that the ALJ did not explain what limitations he provided to account for Plaintiff's back pain or why other limitations in the record, such as Plaintiff's need to elevate her legs, were ignored. Indeed, the record contains multiple indications that Plaintiff needed to elevate her legs, including physician notes as well as Plaintiff's and her husband's testimony, but the RFC does not include a provision for elevating her legs. In fact, the ALJ did not explain how the RFC incorporates any limitations Plaintiff suffers as a result of her back pain, leaving the Court unable to trace the path of the ALJ's reasoning. *See Scott*, 297 F.3d at 595 (reminding that the ALJ must build an "accurate and logical bridge from the evidence to his conclusion") (quoting *Steele v. Barnhart*, 290 F.3d 936, 941 (7th Cir. 2002)).

The ALJ also did not explain how Plaintiff's migraines or problems with dizziness were incorporated into the RFC. The medical records, including those summarized by the ALJ, include

7

repeated complaints of migraines and episodes of dizziness with occasional loss of consciousness, although Plaintiff did not initially complete her request for benefits based on these impairments and does not argue that they alone are disabling. The ALJ did not find Plaintiff's migraines or syncope to be severe impairments. However, "[a]lthough [] impairments may not on their own be disabling, that would only justify discounting their severity, not ignoring them altogether. Moreover, . . . an ALJ must consider the combined effects of all of the claimant's impairments, even those that would not be considered severe in isolation." *Terry v. Astrue*, 580 F.3d 471, 477 (7th Cir. 2009); *see also Martinez v. Astrue*, 630 F.3d 693, 698 (7th Cir. 2011) ("Even if each problem assessed separately were less serious than the evidence indicates, the combination of them might be disabling."); *Getch v. Astrue*, 539 F.3d 473, 483 (7th Cir. 2008) ("[A]n ALJ is required to consider the aggregate effects of a claimant's impairments, including impairments that, in isolation, are not severe.") (citing 20 C.F.R. § 404.1523; *Golembiewski v. Barnhart*, 322 F.3d 912, 918 (7th Cir. 2003)).

In this case, the ALJ's summary of Plaintiff's medical records included reference to migraines and syncope. However, the ALJ barely discussed these symptoms and did not explain either why he discounted them or, if he did not, how he incorporated their limiting effects into the RFC. Even though they may not themselves be disabling, dizziness, fatigue, and loss of consciousness could obviously affect Plaintiff's capacity for work. Despite that, the ALJ's opinion does not include any discussion of their limiting effects, either as part of the RFC or to describe why he completely discounted them, and this omission is an error. *See Campbell v. Astrue*, 627 F.3d 299, 306 (7th Cir. 2010) ("A decision denying benefits need not discuss every piece of evidence, but if it lacks an adequate discussion of the issues, it will be remanded."); *Golembiewski*, 322 F.3d at 917 ("[T]he ALJ may not ignore an entire line of evidence that is contrary to the ruling.").

Although the ALJ need not specifically include every limitation alleged by Plaintiff in the RFC, she must consider the combination of impairments, and explain how she incorporated all of symptoms and limitations into the RFC. "In determining an individual's RFC, the ALJ must evaluate all limitations that arise from medically determinable impairments, even those that are not severe, and may not dismiss a line of evidence contrary to the ruling." *Villano v. Astrue*, 556 F.3d 558, 563 (7th Cir. 2009) (citing SSR 96-8p, 1996 WL 374184 (Jul. 2, 1996)); *Golembiewski*, 322 F.3d at 917). This the ALJ failed to do, and this case must be remanded for a new RFC that incorporates all of Plaintiff's limitations, including an explanation of how the limitations from each of her impairments (particularly her severe impairments, but also those that are not severe), alone and in combination, are taken into account in the RFC.

Plaintiff also argues that the ALJ improperly analyzed her subjective statements. An ALJ is not required to give full credit to every statement of pain made by the claimant or to find a disability each time a claimant states he or she is unable to work, but "must 'consider the entire case record and give specific reasons for the weight given to the individual's statements.'" *Shideler v. Astrue*, 688 F.3d 306, 311 (7th Cir. 2012) (quoting *Simila v. Astrue*, 573 F.3d 503, 517 (7th Cir. 2009)). The ALJ mentioned some statements of Plaintiff's that he appears to have found less-than-credible. It appears that he used Plaintiff's misstatements about the timing and extent of her weight gain and the fact that she tried marijuana for pain relief as justifications to misbelieve the entirety of her testimony, but the ALJ did not explain how those statements made Plaintiff's testimony about her pain and physical limitations less believable.

Similarly, the ALJ did not explain how much weight he gave to the testimony of Plaintiff's husband, although it appears that he disregarded it. At the very least, the ALJ appears to have

9

ignored his testimony regarding Plaintiff's fatigue and need to elevate her legs, limitations that, as discussed above, were not incorporated into the RFC. Although the ALJ was not required to credit all of the husband's statements, he was required to address the weight given to these statements and consider how they supported or were inconsistent with other evidence in the record. SSR 06-03P, 2006 WL 2329939, *4 (Aug. 9, 2006) (requiring the ALJ to address factors such as: "How long the source has known and how frequently the source has seen the individual; How consistent the opinion is with other evidence; The degree to which the source presents relevant evidence to support an opinion; How well the source explains the opinion; [and] Whether the source has a specialty or area of expertise related to the individual's impairment(s)"); *see also* 20 C.F.R. § 404.1545(a)(3). The failure of the ALJ to do leaves the Court unable to determine whether the ALJ adequately considered the record as a whole, and removes further planks from the already-failing "logical bridge" from the evidence to the ALJ's conclusions.

In short, the ALJ's summary of the portions of the medical record, without analysis or description of how that medical evidence supported Plaintiff's claimed limitations, and discounting of all medical source statements and testimony describing Plaintiff's actual work-related physical limitations, leaves the Court unable to determine what the ALJ based his opinion on. *See Scrogham v. Colvin*, 765 F.3d 685, 698 (7th Cir. 2014) ("[T]he ALJ identified pieces of evidence in the record that supported her conclusion that [the plaintiff] was not disabled, but she ignored related evidence that undermined her conclusion. This 'sound-bite' approach to record evaluation is an impermissible methodology for evaluating the evidence."); *Denton v. Astrue*, 596 F.3d 419, 425 (7th Cir. 2010) ("An ALJ has the obligation to consider all relevant medical evidence and cannot simply cherry-pick facts that support a finding of non-disability while ignoring evidence that points to a

disability finding.").

On remand, the ALJ is reminded of the need to thoroughly analyze the medical evidence and personal testimony in the record, particularly statements relating to Plaintiff's ability to perform work-related activity, and to thoroughly explain how claimed limitations are either incorporated into the RFC or found to be unsupported.

**IV.     Conclusion**

For the foregoing reasons, the Court hereby **GRANTS** the relief requested in Plaintiff's Opening Brief in a Social Security Matter [DE 13] and **REMANDS** this matter for further proceedings consistent with this opinion.

SO ORDERED this 20th day of September, 2017.

s/ John E. Martin  
MAGISTRATE JUDGE JOHN E. MARTIN  
UNITED STATES DISTRICT COURT

cc:     All counsel of record